UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:24-cv-08703-MCS-MAA | Date February 18, 2025 |
| Title *Morales v. Am. Bottling Co.* | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION TO REMAND (ECF NO. 14) (JS-6)

Plaintiff Alberto Morales moves to remand this action to the Los Angeles County Superior Court from which it was removed. (Mot., ECF No. 14.) Defendant The American Bottling Company opposed the motion, (Opp'n, ECF No. 15), and Plaintiff replied, (Reply, ECF No. 17). The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

**I.   BACKGROUND**

According to the operative second amended complaint, Defendant previously employed Plaintiff as a display stocker. (SAC ¶ 4, ECF No. 1-4.) Plaintiff sustained an injury on the job, rendering him unable to work for some time. (*Id.*) Plaintiff's doctor indicated that Plaintiff could return to work with restrictions, but Defendant did not allow him to return to work in any capacity. (*Id.* ¶ 5.) He brings claims under the California Fair Employment and Housing Act ("FEHA") and other state laws for disability discrimination, failure to accommodate, failure to engage in the interactive process, retaliation, and wrongful termination. (*Id.* ¶¶ 12–60.) Plaintiff seeks damages, lost salary and employment benefits, punitive damages, attorneys' fees, costs, interest, and any other appropriate relief. (*Id.*, Prayer ¶¶ A–H.)

## II. LEGAL STANDARD

Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

To invoke diversity jurisdiction, a party must demonstrate there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). In this inquiry, courts may consider "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (internal quotation marks omitted).

## III. DISCUSSION

The parties dispute whether the amount placed in controversy by this action exceeds the jurisdictional threshold of $75,000. The amount in controversy is not clear from the face of the operative pleading. (*See generally* SAC.) Therefore, Defendant must show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Defendant offers evidence supporting the lost wages placed in controversy. In unlawful termination cases, "courts commonly look to the value of the wages plaintiffs may have earned after they were terminated" in evaluating the lost wages placed in controversy. *Tiffany v. O'Reilly Auto. Stores, Inc.*, No. CIV. S-13-0926 LKK/KJN, 2013 U.S. Dist. LEXIS 130082, at *7–8 (E.D. Cal. Sept. 10, 2013); *see also, e.g.*, *Walters v. Dollar Tree Distrib., Inc.*, No. 2:21-cv-02299-JAM-JDP, 2022

U.S. Dist. LEXIS 83410, at *6 (E.D. Cal. May 6, 2022) ("Defendant is justified in including lost wages in its amount-in-controversy calculations, because it is an available remedy for FEHA violations."). Upon removal, Defendant provided a declaration of its human resources professional stating that Plaintiff's average monthly income before his termination was approximately $3,052.40. (Wilson Decl. ¶¶ 1, 6, ECF No. 5.)[1] Plaintiff alleges he was effectively terminated in May 2024, when Defendant refused to allow him to resume work after he submitted a doctor's note allowing him to return with functional limitations. (Compl. ¶ 5.) Defendant suggests lost wages placed in controversy begin from the date Plaintiff commenced a leave of absence without pay in March 2023. (Opp'n 10 (citing Wilson Decl. ¶ 4).) But "an employer is not liable for backpay during periods that an improperly discharged employee is unavailable for work due to a disability." *Davis v. L.A. Unified Sch. Dist. Personnel Comm'n*, 152 Cal. App. 4th 1122, 1134 (2007) (quoting *Canova v. NLRB*, 708 F.2d 1498, 1505 (9th Cir. 1983)). The record is ambiguous as to when Plaintiff became available to work. (*See* Compl. ¶ 4 ("[Plaintiff's] doctors either took him off work or released him back to work with restrictions from approximately November 2022 to May 2024.").) Given his allegation that he was released to work with restrictions in May 2024, (*id.* ¶ 5), and resolving doubts in favor of remand, *see Gaus*, 980 F.2d at 566, the Court assumes Plaintiff became available to work in May 2024. From this, lost wages in the five months between termination in May 2024 and removal in October 2024 may be estimated as $15,262.00.[2]

Some courts in this circuit also consider lost wages between removal and the anticipated date of trial. *E.g.*, *Mendoza v. QVC Inc.*, 5:20-CV-01595-ODW (KKx), 2021 U.S. Dist. LEXIS 30518, at *6 ("[W]here a plaintiff puts future wages in controversy, courts calculate lost wages through the date of trial."); *see Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414 (9th Cir. 2018) ("[T]he amount in controversy is not limited to damages incurred prior to removal—for example, it is

---

[1] Plaintiff would have the Court accept only paystubs as evidence, (*see* Mot. 7), but the declaration is sufficient, (*see* Wilson Decl. ¶¶ 4–5 (providing testimony toward personal knowledge of payroll records concerning Plaintiff's employment with Defendant)); *cf. Leon-Calderon v. Old Dominion Freight Line, Inc.*, No. 2:22-cv-08930-MCS-KS, 2023 U.S. Dist. LEXIS 23234, at *5 & n.1 (C.D. Cal. Feb. 10, 2023) (Scarsi, J.) (accepting declaration supported by declarant's personal knowledge of plaintiff's past wages).

[2] Plaintiff counts six months between termination and removal, (Mot. 7), but given the early October removal, the period must be closer to five.

not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)."). Others do not. *E.g.*, *Hernandez v. Broadspire Servs., Inc.*, No. 8:24-cv-02723-DOC-JDE, 2024 U.S. Dist. LEXIS 230943, at *5 (C.D. Cal. Dec. 20, 2024). This Court has avoided taking a position on the issue, *see Meastas v. Quest Diagnostics Inc.*, No. 5:24-cv-00779-MCS-SHK, 2024 U.S. Dist. LEXIS 126996, at *5 n.1 (C.D. Cal. July 17, 2024) (Scarsi, J.), but assumes for the sake of argument only that wages accruing between removal and trial are in controversy. For a case like this one, a single-plaintiff wrongful termination case with pleadings completed before removal, the Court expects the parties to be ready for trial within a year of removal. *See Mendoza*, 2021 U.S. Dist. LEXIS 30518, at *7 ("Where a trial date is not yet set, courts have found one year from the date of removal to be a conservative trial date estimate in employment cases."). Accordingly, the Court assumes an additional $36,628.80 in lost wages is more likely than not in controversy, leading to a total estimate of lost wages of $51,890.80.

Defendant fails to meet its burden to show the remaining forms of relief Plaintiff seeks push the amount in controversy over the jurisdictional threshold. Defendant posits that Plaintiff's request for emotional distress damages alone places more than $75,000 in controversy, his request for punitive damages places in controversy an amount equal to the actual damages in controversy, and his request for attorneys' fees places at least $30,000 in controversy. (Opp'n 14–18.) Defendant fails to support its estimates toward these remedies with "summary-judgment-type evidence," *Matheson*, 319 F.3d at 1090 (internal quotation marks omitted); instead, Defendant speculates and conjectures about the value of these remedies based on boilerplate allegations in Plaintiff's pleading and case comparators to which it draws incomplete analogies.

Defendant does not offer any evidence that Plaintiff suffered any significant emotional distress from his termination that might perfect its analogies to emotional distress awards to plaintiffs in other employment cases. *See Clark v. Chartis Glob. Serv.*, No. CV 11-02155 MMM (VBKx), 2011 U.S. Dist. LEXIS 164024, at *23–24 (C.D. Cal. July 29, 2011) ("[I]n the absence of evidence suggesting that an emotional distress claim will yield a sufficient amount in controversy, the court will not speculate as to the damages potentially embodied in plaintiff's allegation of emotional distress." (internal quotation marks omitted)). Nor does it present any indicia that it acted with malice, oppression, or fraud, as would be necessary to place punitive damages in controversy. *See Escriba v. Foster Poultry Farms*, 793 F. Supp. 2d 1147, 1167 (C.D. Cal. 2011); *cf. Vazquez v. Ford Motor Co.*, No. 2:24-cv-07110-MCS-MAA, 2024 U.S. Dist. LEXIS 166508, at *6 (C.D. Cal. Sept. 16, 2024)

(Scarsi, J.) (declining to assume a civil penalty was at issue "without some indicia of willfulness that possibly would entitle Plaintiff to a penalty"). Nor does it provide any justification why this case will require 100 hours of work given the high likelihood of pretrial resolution in civil cases generally, and in employment cases specifically, let alone why Plaintiff's counsel in this case might be awarded fees at a rate of $300 per hour. *See Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 914 (C.D. Cal. 2020) ("All that Defendants claim is that the same counsel appears in each case and that the subject-matter of the cases are the same. They do not, however, compare or contrast the litigation strategies or the litigation timelines of the two cases." (citations omitted)).[3] Because all Defendant's estimates of the value of these remedies are speculative, the Court declines to credit any amount toward the total amount in controversy. *See Hernandez*, 2024 U.S. Dist. LEXIS 230943, at *6–7 (declining to credit removing party's emotional distress, punitive damages, and attorneys' fees estimates as overly speculative and lamenting Congress's failure to adjust the amount-in-controversy threshold for inflation).

Defendant fails to meet its burden to show the amount placed in controversy exceeds the jurisdictional threshold. Diversity jurisdiction is apparently lacking, so remand is appropriate. 28 U.S.C. § 1447(c).

## IV.   CONCLUSION

The Court grants Plaintiff's motion and remands the case to the Los Angeles County Superior Court, No. 24STCV04777. The Court directs the Clerk to effect the remand immediately and close the case.

**IT IS SO ORDERED.**

---

[3] Defendant reduced its fees estimate from 300 hours at a $525 hourly rate in the notice of removal, (Notice of Removal ¶ 41–43, ECF No. 1), to 100 hours at a $300 hourly rate in the opposition brief, (Opp'n 14 (citing *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 U.S. Dist. LEXIS 25921, at *12 (C.D. Cal. Mar. 3, 2015))), without explaining why one estimate is more apt than the other, which suggests that both estimates lack substantiation.